UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:11-00031

TIMOTHY T. GIBBS II


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On August 26, 2013, the United States of America appeared by Blaire L. Malkin, Assistant United States Attorney, and the defendant, Timothy T. Gibbs, II, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Joseph Black.  The defendant commenced a thirty-month term of supervised release in this action on June 21, 2013, as more fully set forth in the Supervised Release Revocation and Judgment order entered by the court on April 8, 2013.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant failed to report to the probation officer as instructed inasmuch as he was directed on July 15, 2013, to report each day until the necessary documents were completed for the Appalachian Teen Challenge and the defendant did not report on July 16, 2013, or any day thereafter up until the filing of the petition on July 30, 2013, rendering his whereabouts unknown; (2) the defendant failed to timely notify the probation officer of his change in residence inasmuch as on June 21, 2013, the defendant reported that he would be residing at 804 Washington Street, West, Charleston, and on July 15, 2013, reported that he was not living at that address, but was living with a friend in North Charleston and then failed to inform the probation officer of the exact address as instructed on July 16, 2013; (3) the defendant used and possessed marijuana as evidenced by his admission to the probation officer on July 15, 2013, that he had been smoking marijuana; and (4) the defendant failed to abide by the special condition that he spend a period of six months at the Appalachian Teen Challenge program inasmuch as he failed to

2

report to the probation office as directed in order to complete the necessary documents needed to enter the program as set forth above; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THREE (3) MONTHS, to be followed by a term of twenty-seven (27) months of supervised release upon the standard conditions of supervised

release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he spend a period of six (6) months in a community confinement center, participate in drug abuse counseling and treatment as directed by the facility and the probation officer, and follow the rules and regulations of the facility.  The defendant shall pay home detention costs in the amount of $585.12.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  September 24, 2013

John T. Copenhaver, Jr.
United States District Judge

4